UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

NO. 13-10199-GAO

_____

UNITED STATES

v.

MARK C. LaFRANCE,
Defendant

_____

**DEFENDANT MARK C. LaFRANCE'S**
**MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

The defendant Mark C. LaFrance moves that the Court terminate his supervised release at this time.  He has been on supervised release for one year, since December 12, 2015. He has been fully compliant with his release conditions.  Before his guilty plea and sentencing, he was successful while on pretrial release for a year. The defendant is gainfully employed, and enjoys a stable home and family life. His only in-person contact with the Probation Department was shortly after his release from BOP. Otherwise, his contact has been limited to the submission of monthly reports to Probation and an occasional phone call. In short, he is not in need of supervision.

1.   **The Sentence**.

The Court sentenced Mr. LaFrance to serve 36 months, followed by two years of supervised release. He was ordered to pay a $12,500 fine and a $1,700 special assessment.  Both financial penalties have been paid.

2.   **Time on Supervised Release**.

Mr. LaFrance has been successful on supervised release. He has submitted reports as ordered and has had no violations.  It has been about twelve months since he has had face-to-face contact with the probation department.  The only other contact has been when a new probation officer contacted him.  (He has had four probation officers so far). Mr. LaFrance was informed that according to Probation's actuarial metrics, he is at the lowest risk for re-offense.

3.   **The Law and Recommended Practice Regarding Early Termination of Supervised Release.**

   **Early Termination of Supervised Release Permitted**

The Court is authorized to terminate a term of supervised release at any time after the expiration of one year of supervised release.  Specifically, 18 U.S.C. § 3583(e)(1)

provides:

> **(e) Modification of conditions or revocation.**--The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--
>
> > **(1)** terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

The factors set forth in section 3553 include

- the nature and circumstances of the offense

- the history and characteristics of the offender

- the need to afford adequate deterrence to criminal conduct

- the need to protect the public from further crimes by defendant

- the need to provide defendant with needed educational or vocational training, medical case, or other correctional treatment in the most effective manner

- the kinds of sentence and range established for the offense by the guidelines

- any policy statements by the Commission

- the need to avoid unwarranted disparity among defendants
- the need for restitution.

The caselaw recognizes that early termination of supervised release is permitted, even where the substantive statute requires imposition of a certain term of supervised release. United States v. Spinelle, 41 F.3d 1056 (6th Cir. 1994); United States v. Scott, 362 F. Supp. 2d 982 (N.D. Ill. 2005). See United States v. Johnson, 529 U.S. 52, 60 (2000)(recognizing (perhaps in dicta), in a drug case carrying a statutorily mandated term of supervised release, that district court was authorized to terminate supervised release early under § 3583(e)(1)).

"Supervised release departed from the parole system it replaced by giving district courts the freedom to provide postrelease supervision for those, and only those, who needed it."  Johnson v. United States, 529 U.S. 694, 709 (2000).

**Data About Early Termination**

According to Federal Offenders Sentenced to Supervised Release, at 4, a report prepared by the Sentencing Commission in July 2010 (available on the website of the Sentencing Commission):

Offenders who had little or no criminal history at the

> time of their original sentencing committed violations [of supervised release] at significantly lower rates than offenders who were in higher criminal history categories at the time of their original sentencing. Of the major offense types, drug offenders on average had lower rates of revocation than firearms and immigration offenders.

According to the report (p. 62), about 18 percent of the supervised release cases that were successfully closed nationally in 2008 were early termination cases. Offenders whose cases were terminated early served about 60 percent of the original supervision term. The report (p. 63) also notes that "Violations of conditions of supervision that result in revocation on average occur early in the supervision process." The report's conclusions are instructive, when considering Mr. LaFrance's application:

> In particular, the percentage of successful terminations of supervision for certain offenses (e.g., drug cases) has been significantly higher than for other offense types (e.g., firearms cases). Furthermore, success rates in supervision are highly correlated with offenders' criminal history categories at the time of the original sentencing. On average, the lower the criminal history category an offender has, the greater likelihood that the offender successfully will complete successfully without revocation for violation of conditions of supervision.

P. 70.

### **The Guide to Judiciary Policy Favors Early Termination**

The Judicial Conference Committee on Criminal Law approved

changes in the policies governing probation supervision of offenders by the Probation Department in September 2010, and those changes were published in the Guide to Judicial Policy in December 2010.  Section 380.10  is entitled "Early Termination." Paragraph (b) sets forth a number of factors that should be considered when the probation officer is deciding whether to recommend early termination. They include the following:

- Stable community integration
- Progressive strides towards supervision objectives
- No aggravating role in the offense
- No history of violence
- No recent arrests or convictions
- No evidence of alcohol or drug abuse
- No recent psychiatric episodes
- No identifiable risk to safety of any victim
- No identified risk to public safety based on Risk Prediction Index.

The Guide provides that an offender should be evaluated during the first 18 months of supervision to determine whether early termination is appropriate.  It then states that at subsequent assessments, "<u>there is a presumption in favor of recommending early termination for probationers and supervised</u>

releasees" (Guide, p. 29) where the offender has been under supervision for at least 18 months and (1) is not a career offender; (2) presents no identified risk to the public or victims; and, (3) is free of any moderate or high severity violations.

**November 1, 2011 Guideline Commentary on Early Termination**

The Sentencing Commission has promulgated additional commentary to the supervised release guidelines, effective November 1, 2011, encouraging courts to exercise their authority to terminate supervised release early in appropriate cases. As of November 1, Application Note 5 to USSG § 5D1.2 reads:

> Early Termination and Extension. – The court has authority to terminate or extend a term of supervised release. See 18 U.S.C. § 3583(e)(1),(2). The court is encouraged to exercise this authority in appropriate cases. The prospect of exercising this authority is a factor the court may wish to consider in determining the length of a term of supervised release. For example, the court may wish to consider early termination of a term of supervised release if the defendant is an abuser of narcotics, other controlled substances, or alcohol who, while on supervised release, successfully completes a treatment program, thereby reducing the risk to the public from further crimes of the defendant.

**Cost Containment Efforts**

According to the 2012 Annual Report of the Director of the Administrative Office of the U.S. Courts, early termination of

7

supervised release was identified as a cost containment measure:

> *Realign Resources and Reduce Expenditures for Probation and Pretrial Services:* Citing budget constraints, the Judicial Conference Committee on Criminal Law urged probation and pretrial services offices to take steps to reduce resources devoted to less complex investigations and lower-risk supervision cases. They recommended that, where appropriate without compromising the needs of the court, officers reduce the scope of investigations. They also urged early termination of supervision of low-risk offenders who meet established criteria, selection of the most cost-effective location monitoring technology, and referral of persons under supervision to only those services that specifically target factors related to risk of recidivism.
>
> An update to national policy clarified how officers should focus resources and supervision activities on higher-risk offenders. Built upon what criminological research refers to as the *risk principle*, these policies decrease recidivism by concentrating efforts on those offenders at greatest risk of offending. The AO continues to develop supervision policies and procedures that further refine risk-based supervision.

**4.   The Defendant's Record of Employment**.

Until the time of his arrest, Mr. LaFrance had been employed for many years as a Project Manager for the Registry of Motor Vehicles.[1]  Mr. LaFrance is currently working for C. J. Mabardy Construction and Trucking, a general contractor and trucking

---

[1] The Court will recall that Mr. LaFrance pled guilty to an Information charging a scheme to sell motor vehicle inspection licenses.

company based in Cambridge. He is responsible for inventory and control of raw materials, tracking manpower at up to 10 work sites, ensuring that drivers and employees are routinely drug tested as required by Federal DOT regulations, and securing and maintaining state overweight permits for trucks traveling throughout the New England states. He is regularly involved in decisions regarding safety and compliance of trucking regulations pertaining to the construction industry. He quickly became an asset to this company, using his background by introducing several cost saving measures regarding the operation of these vehicles to the owners of this family-operated business.

Since his release, Mr. LaFrance has worked to ensure the over-all well being of his family, as he always has. Since his mother's passing in September, 2016, he has again taken the leadership role of seeing that his 89 year old father is well cared for, and is actively working to ensure his safety and comfort in his final years. Mr. LaFrance has always put his family before himself even while in custody of BOP. His exemplary behavior and record under such adverse conditions is testament to this fact.

Mr. LaFrance has clearly demonstrated that he is an excellent candidate for early release, and the Court should

afford him every consideration in terminating the remainder of his supervised release.

## 5. Application of Law to Facts.

The defendant is an ideal candidate for early termination of supervised release. He has been successful on pretrial release and post-sentence supervision. All of the most recent examinations of whether early termination is appropriate – by the Sentencing Commission, the Judicial Conference, and the Sentencing Guidelines – suggest that supervised release can be terminated early for Mr. LaFrance.

## CONCLUSION

Mr. LaFrance is deserving of early termination of his supervised release.

                Respectfully submitted
                The defendant Mark C. LaFrance
                By his counsel

                /s/ Charles W. Rankin
                _____
                Charles W. Rankin, BBO No. 411780
                Rankin & Sultan
                151 Merrimac St.
                Boston, MA 02114
                (617) 720-0011

**CERTIFICATE OF SERVICE**

    I certify that the foregoing document will be served upon counsel of record though the CM/ECF system on December 29, 2016.

                                  /s/ Charles W. Rankin
                                  _____
                                  Charles W. Rankin